ISAACS v. TERRY & TENCH CO.

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

1. SALES (§ 384*)—BREACH OF CONTRACT—REMEDIES OF SELLER—DAMAGES.

The damages to the seller of beams to be manufactured abroad and imported, by refusal of the purchaser to take them, is the contract price less the cost to the seller of fulfilling the contract on his part and the profit which he realized on the sale of the beams after the purchaser refused to take them.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1098–1107; Dec. Dig. § 384.*]

2. SALES (§ 383*) — ACTION BY SELLER FOR DAMAGES — SUFFICIENCY OF EVIDENCE.

In an action by one who has contracted to sell beams against the purchaser for damages for breach of his contract to take the beams, the defendant cannot complain of a computation of damages based on unsatisfactory evidence as to the profits realized by the plaintiff on a subsequent sale of the beams, where defendant offers no proof as to that issue and objects to that offered by plaintiff.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 383.*]

Laughlin, J., dissenting.

Appeal from Appellate Term.

Action by Herman Isaacs against the Terry & Tench Company. Judgment for plaintiff (113 N. Y. Supp. 731), and defendant appeals. Judgment reversed, unless plaintiff stipulates to reduce judgment.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

George H. D. Foster, for appellant.
Herbert J. Hindes, for respondent.

McLAUGHLIN, J. Substantially all of the facts here involved were set out in the opinions delivered on the former appeal (125 App. Div. 532, 109 N. Y. Supp. 792), and it is unnecessary to restate them. A

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

majority of the court then determined that the plaintiff was entitled to recover the contract price, less the cost of fulfilling on his part and the profit which he realized on the sale of the 300 tons of beams which the defendant refused to take, and the judgment was reversed and a new trial ordered only because it appeared that the verdict for $900 was too large, in that no allowance had been made for the cost of delivery. This was the law of the case, and the trial judge correctly instructed the jury in this respect. The jury disregarded such instructions, and rendered a verdict for the plaintiff for $1,260—the difference between the contract price and what it would have cost him to have carried out the same, irrespective of the profits realized; and for this reason the motion to set aside the verdict and for a new trial should have been granted.

The Appellate Term overlooked what the majority of this court had determined as to the measure of damage, and held that the instruction of the trial judge was erroneous, but that it did not harm the defendant, since the proper measure of damage was adopted by the jury. On the last trial the defendant objected to the admission of evidence as to the sale of the beams at Antwerp and the price realized therefor. It did, however, appear that the duty on the 300 tons of beams would have been $3,000; the freight from Antwerp to New York, $646; that the manufacturer received $7,086.50 for the beams at Antwerp, making in all $10,732.50 which it would have cost the plaintiff to deliver the beams in New York. The plaintiff, therefore, is clearly entitled upon this record to recover the difference between this sum and the contract price, or $367.50. This computation is by no means accurate; the evidence being very unsatisfactory. It does not clearly appear what profits the plaintiff realized on the sale; but the defendant is not in a position to complain, not only because it offered no proof on that subject, but also because of the position which it took with reference thereto at the trial.

It follows that the determination of the Appellate Term and the judgment of the City Court must be reversed, and a new trial ordered, unless the plaintiff stipulates to reduce the judgment to $367.50, and, if such stipulation be given, then the judgment is affirmed, without costs to either party on this appeal. All concur, except LAUGHLIN, J., who dissents.

---

## MAIRS v. BALTIMORE & O. R. CO.

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

CARRIERS (§ 83*) — CARRIAGE OF GOODS — ACTION FOR WRONGFUL DELIVERY — PROXIMATE CAUSE.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes